# IN THE UNITED STATES DISTRICT COURT

## FOR THE MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| HUDDLESTON, JIMMY R. | Case No.: |
| | COMPLAINT FOR EQUITABLE DAMAGES, PUNITIVE DAMAGES FOR VIOLATION OF THE AMERICANS WITH DISABILITIES ACT |
| Plaintiff, | |
| v. | |
| HILLSBOROUGH COUNTY PUBLIC SCHOOLS; YOUMANS, JUSTIN (INDIVIDUAL-SITE ADMINISTRATOR) | **JURY TRIAL DEMANDED** |
| Defendants. | Judge: |

## <u>VIOLATION OF THE AMERICANS WITH DISABILITIES ACT</u>

## TABLE OF CONTENTS

TABLE OF CONTENTS ...................................................................... 1

TABLE OF AUTHORITIES................................................................. 2

FACTUAL INFORMATION ON PLAINTIFFS' DISABILITY ................... 4

PG. 1

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

FACTUAL INFORMATION ON DEFENDANT'S ................................... 5

NATURE OF ACTION ...................................…....................... 5

JURISDICTION AND PARTIES      ….................................... 8

FACTUAL ACCUSATIONS ...................................…............. 8

CAUSE OF ACTION ...................................................…..... 9

JURY DEMAND .................................................... 13

PRAYER FOR RELIEF......................................…..................... 13

EXHIBIT A; PLAINTIFF & SERVICE ANIMAL PROOF ....................... 16

EXHIBIT B; HEALTHCARE PROVIDER LETTERS ….....................…. 18

EXHIBIT C; VETERANS AFFAIRS DISABILITY RATING ….................. 20

## **TABLE OF AUTHORITIES**

1. JURISDICTION TO HEAR THIS CASE

   a) 28 U.S.C. §1391

   b) Dispute involves Federal ADA Law [Per 1(a)]

   c) Dispute involves a right in the United States Constitution [Per 1(a)]

2. CAUSE OF ACTION: DISCRIMINATION ON THE BASIS OF DISABILITY BY PUBLIC ACCOMMODATIONS

   a) Department of Justice: 28 CFR Part 36

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

b) Americans with Disabilities Act of 1990, § 301

c) 42 U.S.C. § 12181

d) 28 CFR § 35.136(f)

e) 28 CFR § 35.136(a)(1)(i)

f) 28 CFR § 35.136(b)(1)(i)(ii)

3. CAUSE OF ACTION: CIVIL RIGHTS: DISCRIMINATION BY
REASON OF HANDICAP, DISABILITY, OR ILLNESS

a) 28 CFR § 36.104

b) 42 U.S.C. § 12132.

c) 42 U.S.C. § 12181

d) CAUSE OF ACTION: ACCOMMODATIONS IN GENERAL

e) C.F.R. § 35.104

f) 42 U.S.C. § 12132.

g) Americans with Disabilities Act of 1990, § 301

h) CAUSE OF ACTION: DISCRIMINATION IN GENERAL

i) C.F.R. § 35.104 and § 36.104

j) 42 U.S.C. § 12132.

k) Americans with Disabilities Act of 1990, § 301

l) 42 U.S.C. § 12181

PG. 3

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

4. ENITLEMENT TO PUNITIVE DAMAGES

    a) 42 U.S.C.A. § 1981a(a)(1)

    b) 42 U.S.C.A. § 1981a(b)(2)

    c) Americans with Disabilities Act of 1990 § 2 et seq

    d) 42 U.S.C.A. § 12101 et seq

    e) Pennsylvania Rd. Co. v. Transport Workers Union, 278 F.2d 693, 694 (3d Cir. 1960)

    f) Arvida Corp. v. Sugarman, 259 F.2d 428, 429 (2d Cir. 1958)

    g) Lummus Co. v. Commonwealth Oil Ref. Co., Inc., 297 F.2d 80, 83 (2d Cir. 1961), cert. denied, 368 U.S. 986 (1962)

    h) Matter of Vuitton et Fils S.A., 606 F.2d 1 (2d Cir.1979)

    i) Vuitton v. White, 945 F.2d 569 (3d Cir.1991)

    j) Pacific Mut. Life Ins. Co. v Haslip (1991) 499 US 1, 22, 113 L Ed 2d 1, 22, 111 S Ct 1032

## **FACTUAL INFORMATION ON PLAINTIFFS' DISABILITY**

1. Plaintiff has a 30% disability rating from the Department of Veterans Affairs [EXHIBIT C].

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

2.  Plaintiff obtained, prior to the event on 10 August 202, a service animal recommendation from his Primary Psychologist at James A. Haley Veterans Hospital.

3.  Plaintiff obtained, prior to the event on 10 August 2021, a 3rd party/independent review of Plaintiff's diagnosis and need for a service animal.

4.  Plaintiff obtained, prior to the event of 10 August 2021, an approval from Plaintiffs primary resident leasing's 3rd party animal compliance department, for a service animal.

## FACTUAL INFORMATION ON DEFENDANT'S

1.  Rampello K-8 Downtown Partnership Magnet School is a part of the Hillsborough County Public School system.

2.  Rampello K-8 Downtown Partnership Magnet School is located at 802 East Washington Street, Tampa, Florida 33602

3.  Justin Youmans is the Site Administrator and Principal of Rampello K-8 Downton Partnership Magnet School.

## NATURE OF ACTION

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

This is an action under the American with Disabilities Act. Title III, which makes it clear that service animals are allowed in facilities that require public accommodations.

Under Title III, a service animal must be allowed to accompany the handler to any place in the building or facility where members of the public, program participants, customers, or clients are allowed. When a person with a service animal enters a public facility or place of public accommodation, the person cannot be asked about the nature or extent of his disability or denied service based upon bringing a service animal in.

Plaintiff was denied access and services based solely upon brining a service animal onto the property by Mr. Justin Youmans, even after being instructed that the animal was a service animal; the animal was marked as such. When trying to explain to Mr. Youman about ADA law, Mr. Youmans said the dog was not allowed as *"some of his teachers and faculty may be afraid of dogs."*

Mr. Youmans action were not only in violation of ADA law but directly violated Hillsborough County Public Schools policies. Section 8000, specifically 8390 **ANIMALS ON DISTRIC PROPERTY**:

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

https://web.hillsboroughschools.org/policymanual/detail/485

A. "Animal" shall be held to include any non-human creature.

B. "Service animal," pursuant to 28 C.F.R. §35.104, "means any
   dog or miniature horse that is individually trained to do
   work or perform tasks for the benefit of an individual with a
   disability, including a physical, sensory, psychiatric,
   intellectual, or other mental disability.

C. <u>Service Animals for Parents, Vendors, Visitors, and Others</u>:

*"Individuals with disabilities who are accompanied by their service animals are permitted access to all areas of the District's facilities where members of the public, as participants in services, programs or activities, as vendors, or as invitees, are permitted to go. Individuals who will access any area of the District's facilities with their service animals should notify the Principal or Department Director that their service animal will accompany them during their visit."* Mr. Youmans was present at the entrance and was notified the dog was a service animal at that time.

*"An individual with a disability who attends a school event will be permitted to be accompanied by his/her service animal in accordance*

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

*with Policy 9160 Public Attendance at School Events. If the individual with a disability will attend a regularly scheduled series of events with his/her service animal, the individual with disabilities will be required to provide a current satisfactory health certificate or report of examination from a veterinarian for the animal, which is required for all animals by this policy."*

## JURISDICTION & PARTIES

Defendants HILLSBOROUGH COUNTY PUBLIC SCHOOL SYSTEM and Justin Youmans are located in Hillsborough County where the incident took place, which is located in FLORIDA'S MIDDLE DISTRICT, specifically 802 East Washington Street Tampa, Florida 33602. Plaintiff is a resident of Hillsborough County, specifically 1220 E. Cumberland Ave. Ste 101 Tampa, Florida 33602.

## FACTUAL ALLEGATIONS

On 10 August 2021, Plaintiff was denied access to Sam Rampello Elementary to accompany his minor child to her class on her first day of school.

Upon entering through the main gates, Mr. Justin Youmans said no dogs were allowed. Plaintiff notified Mr. Youmans that the dog was a service

PG. 8

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

animal, who was also properly marked as a service animal, and Mr. Youman replied that "he did not care" and that "some of his teachers and faculty may be afraid of dogs." Mr. Youman went on to be very derogatory and dismissive by saying "Nice first day of school, huh," at least 3 times.

Plaintiff asked for his card, he remarked with his name and email address and made a crude statement that "I have reached out to him before."

Plaintiff left without incident but was publicly embarrassed not only in front of his child who ran over to give him a hug, visibly upset, but also in front of other parents dropping off their children. Mr. Youmans actions were nothing less than public shaming someone for a disability while not only violating ADA law but his own policy manual [8390 - Animals on District Property].

## CAUSE OF ACTION

### FIRST CAUSE OF ACTION

Discrimination on the Basis of Disability by Public Accommodations

On 10 August 2021, Plaintiff was denied access to Sam Rampello School solely on the basis of having a service animal with him.

Understanding Federal ADA exclusion criteria, the Plaintiffs service animal was not out of control and the animal is housebroken. There were no

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

incidences of the animal losing its bowels or bladder at the Defendants

location. The Plaintiff does not bring the dog on a regular basis, so there was

no obligation to have the animals health records on file with the school, and

the Principal/Site Administrator, Justin Youmans, was notified, in person the

dog was a service animal.

Preemptively, the Plaintiff rejects Defendant possible argument that

Plaintiff has no standing because this "entire lawsuit is a sham." (42 U.S.C. §

12101(a)(6)) Defendant bases this argument on video evidence that can be

made available upon discovery, there was a Tampa Police officer present, and

multiple witnesses that can be subpoenaed for a deposition. A*nderson v.

Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202

(1986) ("credibility determinations, the weighing of evidence and the drawing

of legitimate inferences from the facts are jury functions."); *Rollins v.

TechSouth, Inc.,* 833 F.2d 1525, 1531 (11th Cir.1987) (on a summary

judgment motion, the court may not weigh the credibility of the

parties); *Delvalle v. Sanchez,* 170 F.Supp.2d 1254, 1279 n. 27

(S.D.Fla.2001) (credibility determinations are improper for a judge to make

when considering evidence on a motion for summary judgment).

## SECOND CAUSE OF ACTION

PG. 10

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

<u>Civil Rights: Discrimination by Reason of Handicap, Disability, or Illness</u>

Defendants failed to make a reasonable accommodation by allowing Plaintiff to walk his daughter to her classroom on her first day. Standing for this Action is the injury of public humiliation, violation of Title III of the Americans with Disabilities Act, which was a direct result of the Defendant's actions, and a favorable ruling will be necessary to correct the Defendant's blatant disregard for Federal Law and his employers Policy Manual.

### THIRD CAUSE OF ACTION

<u>Accommodations in General</u>

Failure of the Defendant's affirmative obligation to make reasonable accommodations for disabled individuals. Defendants made no reasonable accommodation but instead made up an excuse about his staff "might" be afraid of dogs and then made snide remarks about it being the first day of school. This is also a violation of the Plaintiffs 14th Amendment rights which protects citizens and gives equal protections of the laws. As the Plaintiffs Civil Rights and Equal Protection are in question here, the 14th Amendment gives equal protection by the laws not only of the United States but that of the State of Florida.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

## FOURTH CAUSE OF ACTION

### Discrimination in General

Defendant discriminated Plaintiff based upon him having a service animal and did not allow him access to the school based solely on this fact.

## **PUNITIVE DAMAGES**

The conduct of Defendants described above is egregious. Defendants' conduct demonstrates a reckless disregard for Federal ADA law, the policies of Hillsborough County Public Schools and a conscious disregard for people with disabilities. The acts and omissions described above were willful and performed with actual or implied malice by making up a lie on why he could violate policy and Federal Law.

Punitive and exemplary damages are therefore appropriate and should be imposed in this instance. "Malice", as it pertains to punitive damages for violation of the ADA means an intent to harm. 42 U.S.C.A. §§981a(a)(2), 1981a(b)(1); Americans with Disabilities Act of 1990 § 2 et seq., 42 U.S.C.A. § 12101 et seq. Mr. Youmans, as the Principal and Site Administrator should know what his districts policies are and what the ADA law is. There is no excuse for this, except for a malicious action as he stated *"you've reached out before."*

PG. 12

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

Plaintiff understands that a Defendant's negligence toward the Plaintiff's civil rights is not enough to sustain an punitive damages for violation of those rights; instead, the warranting punitive damages is one where the defendant acts in the face of a perceived risk that its actions will violate federal law. 42 U.S.C.A. §§ 1981a(a)(2), 1981a(b)(1). Plaintiff made several attempts to educate Defendant on his actions but Defendant Mr. Youmans refused to listen and made up a lie that violated his own policies he is bound by.

In Pacific Mut. Life Ins. Co. v Haslip (1991) 499 US 1, 22, 113 L Ed 2d 1, 22, 111 S Ct 1032, the U.S. Supreme Court found that punitive damages of four times the amount of actual damages were within reason.

## **JURY DEMAND**

Plaintiff requests a jury trial for all issues triable by a jury if a reasonable settlement is not met.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for a judgment against Defendants as follows:

1. Require all Sam Rampello staff to immediately undergo Department of Justice approved ADA training, that training certificates are

PG. 13

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

placed into each Defendant's employee files, and all employees of Hillsborough County Public School employees.

2. Compel Defendant's to immediately, and conspicuously, post all appropriate ADA service animal laws in the front of all main entrances and train all employees on DOJ approved ADA compliance law, and that training be placed in the employee's training "folder" (electronic or physical) until case resolution, under 42 U.S.C. § 12206.

3. Compensatory damages according to proof at trial, or summary judgement, in the amount of $22,500.00..

4. Justin Youmans, $2,500.00 as an individual.

5. Attorneys' fees for this lawsuit if retained at Jury Trial.

6. If mediation or arbitration is required, Defendant pays all associated fees.

7. Punitive damages in the amount of 4 times that of awarded damages or as the jury and/or court deems appropriate.

8. $500.00 donation, to James A Haley's Veteran Hospital, Prosthetic Department, to be allocated to Service Animal Supplies.

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR INJUNCTIVE RELIEF

9.  All Court, Procedural, Filing Costs and any other relief as the court

     deems appropriate.


RESPECTFULLY SUBMITTED this 10th Day of August 2021


                                        Very Respectfully Submitted (V/R)

                                        HUDDLESTON, JIMMY R. [PRO SE]

                                        By: s/ J.R. Huddleston J.M.

                                        Jimmy Huddleston

                                        1220 E. Cumberland Ave

                                        Ste 101

                                        Tampa, FL 33602

                                        EXHIBIT A

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

<u>HIPAA WAIVED ON ALL EXHIBITS</u>



PG. 16

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF



COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

1

<u>EXHIBIT E-HEALTHCARE PROVIDER LETTERS</u>

2

3

4

**DEPARTMENT OF VETERANS AFFAIRS**
**James A. Haley Veterans' Hospital**
**13000 Bruce B. Downs Blvd**
**Tampa, FL  33612**

5

6



7

8

9

9/25/20

10

11

To whom it may concern:

12

I am writing this letter on behalf of Mr. Jimmy Huddleston, who is a patient at the Mental Health
Clinic at the James A. Haley Veterans' Hospital in Tampa, Florida.   Mr. Huddleston has been
under my care at this clinic since February 2017. He is considered service-connected, disabled
due to Major Depressive Disorder.

13

14

15

Sincerely,

16

17

18

Michael Centorino, M.D.

19

20

21

22

23

24

25

26

27

PG. 18

28

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

PRIVATE THERAPY
MELISSA JAGRUP-LEE, LMHC

Mellissa Jagrup Lee, LMHC
FL License # MH9648
207 N US Highway 27 Suite A
Minneola, FL 34715
F: 352-404-8649
privatetherapypysd@gmail.com

**Date Issued: Sep 12, 2020**

**Valid Until: Sep 12, 2021**

**Regarding Patient: Jimmy Huddleston**

**To whom it may concern,**

Jimmy has been assessed for the purpose of care. I am familiar with Jimmy's history and with the functional limitations imposed by their diagnosis recognized in the Diagnostic and Statistical Manual of Mental Disorders (DSM-5).

Jimmy has certain limitations regarding social interactions due to a mental health related disability. In order to help alleviate these difficulties, and to enhance this patient's ability to live independently, and travel, I am recommending the presence of a Service Animal or Emotional Support Animal that will assist Jimmy in coping with their diagnosis. In addition, I recommend that they continue therapy to best manage their condition.

I am familiar with the voluminous professional literature concerning the therapeutic benefits of assistance animals for patients with this condition. It should be noted I have not evaluated their assistance animal for safety or temperament, and the burden of liability falls upon the owner should an incident occur. Upon request, I will share citations to relevant studies and would be happy to answer other questions you may have concerning my recommendation that Jimmy has a Service Animal or Emotional Support Animal.

Sincerely yours,

Mellissa Jagrup-Lee, FL License #MH9648 [NPI# 1548475445]
License Valid Since 11/25/2008

PG. 19

COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
INJUNCTIVE RELIEF

1    EXHIBIT C-DEPARTMENT OF VETERANS AFFAIRS DISABILITY RAITING

2

3

4    **DEPARTMENT OF VETERANS AFFAIRS**
     810 Vermont Ave NW
5    Washington, D.C. 20420

6

7    September 12, 2020

8    Jimmy Huddleston                                    In Reply Refer to:
     1220 E Cumberland                                   xxx-xx-8480
     Ave Unit 305                                        27/eBenefits
     Tampa, FL 33602
9

10

11   Dear Mr. Huddleston:

12   This letter certifies that Jimmy Huddleston is receiving service-connected disability compensation from the
     Department of Veterans Affairs.

13   The current benefit paid is as follows:

14

15   **Gross Benefit Amount**

     **Net Amount Paid**

16   **Effective Date**            December 1, 2019

17   **Combined Evaluation**       30 percent

18

19   **How You Can Contact Us**

20   • If you need general information about benefits and eligibility, please visit us at https://www.ebenefits.va.gov or
       http://www.va.gov.

21   • Call us at 1-800-827-1000. If you use a Telecommunications Device for the Deaf (TDD), the number is 1-800-
       829-4833.

22   • Ask a question on the Internet at https://iris.custhelp.va.gov.

23   Sincerely,

24

25

26

27                              PG. 20

28   COMPLAINT FOR EQUITABLE &, PUNITIVE DAMAGES; REQUEST FOR
                        INJUNCTIVE RELIEF